**McKenna Long & Aldridge LLP**

230 Park Avenue • Suite 1700
New York, NY 10169
Tel: 212.905.8300
mckennalong.com

Albany · Atlanta · Brussels · Denver · Los Angeles · Miami · New York · Northern Virginia · Orange County · Rancho Santa Fe · San Diego · San Francisco · Seoul · Washington, DC

JOHN R. OH
212.905.8365

EMAIL ADDRESS
joh@mckennalong.com

March 6, 2014

**VIA ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 2103
New York, New York  10007

      Re:    Starr Indemnity & Liability Company et al. v. United States
              Case No. 13 Civ. 8241 (KPF)

Dear Judge Failla:

      Pursuant to the Court's Notice of Initial Pretrial Conference filed on December 23, 2013, and the Order contained therein, the parties jointly submit this letter providing the following information:

(1)    <u>Nature of Action/Principal Defenses/Major Legal and Factual Issues</u>

      This action is brought by Plaintiff Starr Indemnity & Liability Company and Plaintiff Allianz Global Risks US Insurance Company and seeks recovery of amounts paid to their insured, Evergreen Helicopter, Inc. ("Evergreen"), for the damage sustained by an Evergreen helicopter that was situated on board the USNS Alan Shepard in support of the U.S. Navy and Military Sealift Command (MSC) vertical replenishment, while the ship was at sea in the Selat Lombok Straits in the South Pacific on November 21, 2011.  The helicopter sustained damage when the ship's Aqueous Film Forming Foam fire suppression system was inadvertently activated by MSC crew members.  Plaintiffs contend that, as a result of the damage, the helicopter was destroyed and declared a total loss.

The Honorable Katherine Polk Failla
**March 6, 2014**
Page 2

      The United States has denied liability, and has raised the following affirmative defenses: (1) Plaintiffs and Plaintiffs' subrogor, Evergreen, failed to mitigate their damages, including by failing to prevent further damage to the helicopter, by failing to repair the helicopter, and by failing to realize adequate scrap value; and (2) the discretionary function exception to the United States' waiver of sovereign immunity in the Suits in Admiralty Act and the Public Vessels Act deprives the Court of jurisdiction over the claims challenging certain discretionary actions by the United States, including various decisions regarding the training or supervision of the allegedly negligent crewmember aboard the USNS Alan Shepard. The parties are in the process of exchanging information regarding damages in an effort to resolve the case.

(2)    <u>Jurisdiction and Venue</u>

      Plaintiffs allege that jurisdiction arises under this Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333, as the actions complained of occurred on navigable waters and bear a significant relationship to traditional maritime activity. Plaintiffs further allege that this Court has jurisdiction over this matter pursuant to the Public Vessels Act, 46 U.S.C. § 31101 et seq., and in the alternative, pursuant to the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq.

      Plaintiffs allege that venue is proper in this Court pursuant to the Public Vessels Act because, at the time suit was filed, the USNS Alan Shepard was outside the territorial waters of the United States, and the action is being brought in a district in which both Plaintiffs have an office for the transaction of business. 46 U.S.C. § 31104. Plaintiffs allege that venue is proper in this Court pursuant to the Suits in Admiralty Act because the action is being brought in a district in which Plaintiff Starr Indemnity & Liability Company has its principal place of business.

(3)    <u>Existing deadlines, due dates and/or cut-off dates</u>

      There are no existing deadlines, due dates, or cut-off dates. Subject to the Court's approval, the parties have agreed to the following schedule:

| Activity | Due Date |
|---|---|
| Initial disclosures due: | 14 days after initial pretrial conference |
| Fact discovery completed: | July 11, 2014 |
| Expert discovery completed: | August 25, 2014 |
| Initial Requests for Production: | Served by April 2, 2014 |
| Local Rule 33.3(a) interrogatories: | Served by April 2, 2014 |
| Contention interrogatories: | Served 30 days before close of discovery |
| Depositions of fact witnesses: | Completed by June 15, 2014 |
| Requests to Admit: | Served by June 6, 2014 |
| Private Mediation | After close of fact discovery |

The Honorable Katherine Polk Failla
**March 6, 2014**
Page 3

(4)     Outstanding Motions

There are no outstanding motions.

(5)     Discovery

No discovery has yet taken place.  However, the parties are in the process of informally exchanging information regarding the evaluation of damages, to aid in early settlement discussions.

(6)     Settlement Discussions

As noted above in item 5, the parties are informally exchanging information regarding the evaluation of damages, to aid in early settlement negotiations.

(7)     Other Information/Dispositive Issues

None at this time.

Respectfully submitted,

/s/ John R. Oh
John R. Oh (JO 7530)
James A. Eastwood, Admitted *Pro Hac Vice*
Attorneys for Plaintiffs

/s/ Sarah S. Keast
Sarah S. Keast, U.S. Department of Justice
Attorney for Defendant